**R.L. HUTCHINS, Plaintiff–Appellant,**

v.

**A.O. SMITH RETIREMENT PLAN and CTC ILLINOIS TRUST COMPANY, Defendants–Appellees.**

No. 99–C–511.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 29, 2002.

Decided June 4, 2002.

Before COFFEY, KANNE, and WILLIAMS, Circuit Judges.

ORDER

After having a cancerous tumor removed from his spinal cord, R.L. Hutchins sued to recover benefits under a long-term disability ("LTD") plan governed by the Employee Retirement Income Security Act ("ERISA"). *See* 29 U.S.C. § 1132(a)(1)(B). The district court granted summary judgment for the defendants, Hutchins's former employer and plan administrator A.O. Smith Corporation and plan trustee CTC Illinois Trust Company ("CTC"), concluding that the denial of LTD benefits was not arbitrary or capricious. Hutchins appeals, arguing that A.O. Smith incorrectly interpreted the medical opinions of his surgeon, Dr. Mark M. Benson. We vacate the grant of summary judgment and remand the case for reconsideration in light of recent developments involving Dr. Benson's medical license.

After the removal of his tumor, Hutchins applied for LTD benefits from A.O. Smith. During the application process Dr. Benson gave three opinions regarding Hutchins's ability to work. First, in December 1997 Dr. Benson stated that he did not feel that Hutchins was totally disabled. Based on Dr. Benson's opinion, the A.O. Smith Retirement Committee ("Committee") denied Hutchins's request for LTD benefits. Dr. Benson's second opinion came in May 1998 when Hutchins appealed the denial to the Committee. Dr. Benson stated that Hutchins "is disabled from doing any type of functional work because of his pain." The following month Dr. Benson clarified his opinion in a telephone conversation with the A.O. Smith Corporate Medical Director, Dr. William Longe, stating that although he could not deny Hutchins's feelings of pain, Hutchins could return to work with restrictions on lifting, bending, stooping, pushing, and pulling. In light of Dr. Benson's clarification, the Committee

again denied Hutchins's request for LTD benefits.

Dr. Benson rendered each of the opinions while his license to practice medicine was under a cloud; that is, under a stayed suspension by the State of Wisconsin Medical Examining Board. Neither the plan administrator nor the district court knew of Dr. Benson's licensing problems. We asked the parties to respond to this newly discovered public information and to explain why we should not remand the case for reconsideration. After reviewing the responses, we conclude that a remand is necessary to allow the district court to determine whether Dr. Benson's licensing problems affect the outcome of this case.

VACATED AND REMANDED.